**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Woodrow Allen DENTON, Defendant-Appellant.**

**No. 15591.**

United States Court of Appeals Sixth Circuit.

Sept. 17, 1964.

John F. Dugger, Morristown, Tenn., H. M. Bacon, Morristown Tenn., on brief; Bacon & Dugger, Morristown, Tenn., of counsel, for appellant.

William E. Bowman, Asst. U. S. Atty., Knoxville, Tenn., John H. Reddy, U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from a guilty verdict and a sentence entered after jury trial before the United States District Judge for the Eastern District of Tennessee, Northeastern Division. The information charged defendant with possessing property on December 4, 1962, which property was intended for use in violating Chapter 51, Int.Rev.Code of 1954 (Title 26 U.S.C. § 5686(a)).[1] This statute prohibits the possession of property intended to be used in violating Federal statutes requiring licenses and taxes for the manufacture and sale of liquor.

Testimony at the trial established that the property which defendant possessed (when arrested under a warrant previously issued by a U. S. Commissioner) was thirty cases of half-gallon jars. They were new and empty. The basic fact question tried to the jury was whether defendant intended these jars to be used to can apples as he testified or to contain "moonshine" as the prosecution charged.

On appeal defendant contends that there was no substantial evidence to support the jury's guilty verdict; that the arrest warrant was illegally issued and hence the jars seized incident to its service should have been suppressed as evidence; that the judge made three prejudicial errors in charging the jury on intent; and that he erred in the sentence administered.

Our review of the record convinces us that there was substantial evidence to support the jury verdict. There was, of course, no dispute as to defendant's being in possession of the fruit jars. The question was whether or not the thirty cases of jars were intended for use in the distribution of illegal liquor. Government agents testified that such jars were customarily employed in the illegal whiskey business in that portion of Tennessee. Government agents also testified that defendant on the occasion in question had sought to conceal the cases of jars in his car, and chose an indirect route of travel.

One such agent quoted defendant as saying after arrest that he had intended to "take them and sell them to the boys up on the creek." Asked the meaning of that term, the agent replied, "That's the boys that are in the whiskey business in and around Cosby, Tennessee."

This statement was denied by defendant, and probably was not the decisive testimony bearing on intent. After defendant testified that he had contemplated using these thirty cases of half-gallon jars for canning forty bushels of "specked" apples which he had from six apple trees and that they would about serve the purpose, and after he had denied seeking or buying substantial quantities of jars from other named

---

1. "§ 5686 * * *

"(a) General.—It shall be unlawful to have or possess any liquor or property intended for use in violating any provision of this chapter or regulations issued pursuant thereto, or which has been so used, and every person so having or possessing or using such liquor or property, shall be fined not more than $5,000, or imprisoned not more than 1 year, or both." 26 U.S.C. § 5686(a).

stores in the same season of the same year, rebuttal witnesses produced by the prosecution testified in square contradiction to purchases of 130 cases of fruit jars by defendant and orders for substantially greater quantities.

Defendant also admitted on the stand that he had been convicted twice in 1939 for violation of the Internal Revenue laws pertaining to liquor but denied being "in the whiskey business" since that time.

■ All in all we regard this record as more than adequate to meet the substantial evidence test.

■ Appellant's contention concerning the invalidity of the arrest warrant is based squarely on Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). There the inadequacies of the complaint upon which the warrant was issued were spelled out thus:

"The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made." Giordenello v. United States, supra, at 486, 78 S.Ct. at 1250.

The complaint in the instant appeal, however, contained the following sworn allegations:

"That on or about November 1, 1962, at Cocke County in the Eastern District of Tennessee, .......... and WOODROW DENTON did possess an unregistered still; carry on business of a distiller without giving bond and with intent to defraud the United States of the tax thereon; work at unregistered distillery where no sign posted; carry distilled spirits and raw material to or from a distillery; make mash at place other than designated premises; possess nontax paid whiskey;

"And the complainant states that this complaint is based on observation of affiant."

We read these words as containing ample facts for a finding of probable cause by the Commissioner and we read the last sentence as a square averment of personal knowledge by the Federal agent.

Appellant's real argument on this score is that the agent's actual observation did not in fact fully support some of the conclusory language of the complaint. Prior to the trial of the instant charge, defendant had also been tried on seven counts which charged operation of an illegal still. He was found not guilty.

The testimony of a Federal agent at the examination on these prior charges was that while raiding a still they had met and talked with defendant near the still site:

"* * * [W]e were returning to the still when Woodrow Denton pulled up beside us and stopped along beside us and said 'Boys, I took two more cases of jars from the porch for you' and Investigator Riddle said 'All right.' And, Woodrow then asked 'What's the matter—did the burners quit' and Investigator Riddle answered 'yes.'

"Q. What time of night was this, Mr. Kreiger?

"A. About 12:30 actually on the 2nd. Around 12:30 and he then asked 'Do you want me to get Uyless.'

"Q. Get what?

"A. 'Go get Uyless' and Investigator Riddle answered 'yes' and I told him to hurry and he drove off toward Newport. The still is located directly across the Highway from Woodrow's house I'd say seventy-five yards."

The record of this encounter did not satisfy a jury of defendant's guilt "beyond a reasonable doubt" but it does offer support for the contention of the United States that the complaint was based upon "observation of the affiant" and that

there was probable cause for issuance of the warrant.

As to the challenged instructions, we find on this record no error which affected "substantial rights." Rule 52, Federal Rules of Crim. Procedure.

 One of the instructions allowed the jury to consider defendant's two prior convictions for violation of the Internal Revenue liquor statutes as bearing on defendant's "state of mind or intent" in possessing the thirty cases of half-gallon jars. That prior offenses of a like nature to that charged may be proved to show guilty intent is well established. United States v. Wellborn, 322 F.2d 910 (C.A. 4, 1963); 2 Wigmore, Evidence (3rd ed. 1940) § 302, p. 200. While the convictions here were remote in time, there is no circumstance that suggests that defendant would have been likely to have forgotten them; and indeed his testimony was quite to the contrary. The instruction was careful in limiting consideration of the prior convictions to defendant's intent. Orloff v. United States, 153 F.2d 292 (C.A. 6, 1946). We find no error in this instruction as applied to this case.

 Appellant also objects to a widely used "form" instruction which the trial judge employed:

"It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. So unless the contrary appears to you from the evidence, you may draw the inference that Mr. Denton intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to

result from any act knowingly done or knowingly omitted by him." See 20 F.R.D. 231, Form 39, p. 265.

This instruction has been recently and vigorously criticized by the Fifth Circuit, Mann v. United States, 319 F.2d 404 (C.A. 5, 1963), cert. denied 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964). It has also more recently been held by the Ninth Circuit not to constitute prejudicial error under the whole instruction on intent therein given. Sherwin v. United States, 320 F.2d 137 (C.A. 9, 1963), cert. denied 375 U.S. 964, 84 S.Ct. 481, 11 L.Ed.2d 420, rehearing denied 376 U.S. 946, 84 S.Ct. 796, 11 L.Ed.2d 771 (1964). We feel that the second sentence of the instruction quoted above is at best clumsy and, if taken alone, confusing. On this record, however, and under a total instruction on intent very similar to that in the Sherwin case, we do not think the error affected any "substantial right" of defendant.

As to the third instruction complained of, we find no error. It is sufficient under the statute (Title 26 U.S.C. § 5686 (a)) for defendant to have possessed the material "with the intention of distributing such in bootleg channels." Chapman v. United States, 271 F.2d 593 (C.A. 5, 1959), cert. denied 362 U.S. 928, 80 S.Ct. 755, 4 L.Ed.2d 746 (1960). See also United States v. 2265 One-Gallon Paraffined Tin Cans, 260 F.2d 105 (C.A. 5, 1958).

 The last of appellant's questions pertains to the sentence in which the District Judge imposed a sentence of one year, suspended all but seven months and placed defendant on probation for five years. The terms of the applicable statute, Title 18 U.S.C. § 3651,[2] provide for

2. "§ 3651 * * *
"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be

served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best."

suspending a longer sentence in favor of institutional confinement "not exceeding six months" combined with probation. The obvious error in the sentence as administered does not require a new trial but may be corrected on remand. Rule 35, Federal Rules of Criminal Procedure.

The proceedings in the court below are affirmed in all respects except as to sentence. To correct the error referred to above, the sentence is vacated and the case remanded to the District Court.