UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald Gilbert SMITH,
Defendant-Appellant.

No. 77–5281.

United States Court of Appeals,
Sixth Circuit.

Argued April 4, 1978.

Decided Aug. 11, 1978.

Rehearing and Rehearing En Banc
Denied Dec. 15, 1978.

Richard Damiani, Donald N. Krosin, Cleveland, Ohio, for defendant-appellant.

Donald Gilbert Smith, pro se.

William D. Beyer, U. S. Atty., Cleveland, Ohio, Robert J. Erickson, T. George Gilinsky, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, MERRITT, Circuit Judge, and RUBIN, District Judge.*

CARL B. RUBIN, District Judge.

Donald Gilbert Smith appeals from conviction by a jury of a six count indictment, all relating to controlled substances. Count 1 of such indictment alleged a conspiracy in violation of 21 U.S.C. §§ 841 and 846. Counts II through VI charged substantive offenses of possession with intent to distribute, and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1).

Appellant asserts six grounds for reversal of his conviction. Upon consideration thereof, the Court finds such grounds to be insufficient for reversal and does therefore affirm the conviction.

A proper understanding of the legal questions raised requires a review of the background in this matter. On September 26, 1974, appellant was indicted on a six-count indictment, the first count charging conspiracy in violation of 21 U.S.C. §§ 841 & 846, and the other five counts charging substantive offenses of possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1). On December 9, 1974, appellant entered a plea of guilty to Count VI. On February 12, 1975, the remaining five counts were dismissed. On the same day appellant was sentenced to a four-year prison term. Upon appeal, this Court vacated the guilty plea to Count VI and remanded the case to the trial court (*Smith v. United States*, 6th Cir., 546 F.2d 424).

On January 19, 1977, a new indictment was filed, charging the defendant with the same six counts as contained in the previous indictment. On January 31, 1977, the original indictment was dismissed. On March 30, 1977, after a jury trial, appellant was found guilty on all six counts.

Appellant asserts the following grounds for reversal:

I. He was placed in double jeopardy as to Counts I–V by the filing of a second indictment;

---

* Honorable Carl B. Rubin, United States District Court for the Southern District of Ohio, sitting by designation.

II. The trial court's charge on intent was incorrect;

III. The trial court erred in charging on the defense of entrapment;

IV. He could not be prosecuted for both a conspiracy and substantive offenses;

V. Admission of tape recorded conversations and written transcripts was prejudicial, and;

VI. The evidence presented was insufficient to sustain a conviction.

I

DOUBLE JEOPARDY

Any discussion of the concept of double jeopardy must begin with the Fifth Amendment to the United States Constitution which provides in part as follows:

. . . . .

nor shall any person be subject for the same offence to be twice put in jeopardy of life and limb . . . .

This concept has been described as:

. . . deeply ingrained in at least the Anglo-American system of jurisprudence . . . that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity as well as enhancing the possibility that even though innocent, he may be found guilty."

*Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

■ The Supreme Court has articulated the rule that jeopardy does not attach, and the Constitutional prohibition can have no application until a defendant is "put to trial before the trier of facts, whether the trier be a jury or a judge." *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). *In a jury trial jeopardy attaches when a jury is empanelled and

sworn. *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). In a non-jury trial jeopardy attaches when the Court begins to hear evidence. *Serfass v. United States, supra.*

■ Attachment of jeopardy, however, does not bar retrial upon a successful appeal from conviction, *Green v. United States, supra*; nor does it prevent the imposition of a more severe sentence upon such retrial. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ It is clear from an examination of the record herein that under the standards set forth by the Supreme Court, appellant has not been "twice put in jeopardy." At no time was he "put to trial before the trier of facts" on Counts I thru V of the indictment, and his trial upon Count VI followed vacation by this Court of his prior plea.

Appellant relies upon the decisions of this Court in *Rivers v. Lucas*, 477 F.2d 199 (6th Cir. 1973), *vacated on other grounds* 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1973), and *Mullreed v. Kropp*, 425 F.2d 1095 (6th Cir. 1970), for the assertion that dismissal of counts of an indictment as the result of a plea bargain is equivalent to a jury's refusal to convict on those counts. *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). Appellant's reliance upon *Rivers* and *Mullreed* is misplaced. Those cases stand only for the proposition that the acceptance of a plea to a lesser included offense is a bar to subsequent prosecution on the more serious offense.

*Mullreed* dealt with a two count indictment in which both armed robbery and the lesser offense of unarmed robbery were charged in separate counts. *Rivers* dealt with a single count of murder. In each instance, however, the plea to the lesser offense, i. e. unarmed robbery in *Mullreed*, and manslaughter in *Rivers*, involved an offense necessarily subsumed in the more serious charge. Definitionally, armed robbery must also include unarmed robbery

and murder must also include manslaughter.

This is simply not the situation in the case at bar. The conspiracy charged in Count I and the substantive offenses charged in Counts II thru VI are legally and factually distinct from each other, and appellant may be convicted and sentenced separately on each. *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

## II

### CHARGE ON INTENT

Appellant asserts that the following charge constituted prejudicial error:

Intent is the purpose or aim or state of mind with which a person acts or fails to act. It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. So, in the absence of evidence in the case which leads the jury to a different or contrary conclusions, you may draw the inference and find that the accused intended such natural and probable consequences which one standing in like circumstances and possessing like knowledge should reasonably be expected to result from any act knowingly done or knowingly omitted by such person. (TR. pp. 957–958)

■ Appellant did not object to such charge as required by Rule 30 of the Federal Rules of Criminal Procedure. (TR. p. 971)[1] Where there has been no timely objection, as contemplated by Rule 30, a reviewing court must limit its consideration to "plain error" as defined in Rule 52 of the Federal Rules of Criminal Procedure.

■ This charge has received a mixed reception in the federal courts. *United States v. Chiantese*, 560 F.2d 1244 (5th Cir. 1977); *United States v. Robinson*, 545 F.2d 301 (2d Cir. 1976); *United States v. Diggs*, 527 F.2d 509 (8th Cir. 1975); *Sherwin v. United States*, 320 F.2d 137 (9th Cir. 1963). We previously characterized the instruction as "clumsy" and "confusing." *United States v. Releford*, 352 F.2d 36 (6th Cir. 1965); *United States v. Denton*, 336 F.2d 785 (6th Cir. 1964). The giving of such instruction, however, does not on this record constitute plain error. When the instructions are viewed in their entirety, the trial court's careful instructions regarding presumptions of innocence (TR. p. 934), a defendant's failure to testify (TR. p. 960), and the definitions of the terms wilfully, unlawfully and knowingly (TR. pp. 945 & 957–958), negate the argument that the intent instruction constituted prejudicial error. *United States v. Releford, supra; United States v. Denton, supra.*

## III

### INSTRUCTION ON ENTRAPMENT

During the defense's summation, the Court concluded that counsel's argument may have raised a question of entrapment. On page 913 of the transcript the following appears:

THE COURT: Before we proceed, Mr. Michelson, there was an inference in your closing argument that raises a question of entrapment. The Court is required to charge on entrapment, so an appropriate charge has been inserted.[2]

---

1. MR. GOLD:

. . . I have two specific objections, Your Honor, I would like to object to the Court's charge on the chain conspiracy, particularly the characterization aspects of it.

I would like to object to the Court's charge in regard to the entrapment, particularly in that the defendant has asserted no aspect of it.

2. The colloquy appears to be confusing in that it could be interpreted that Mr. Michelson, Assistant United States Attorney, had raised the inference of entrapment. A careful reading of the Court's statement and the understanding that it occurred at the close of defense counsel's summation makes it obvious that the word "your" does not refer to Mr. Michelson, but rather to defense counsel Gold.

The Court thereupon included in its charge to the jury a correct charge on the law of entrapment.[3]

Appellant does not contend that the charge as given was erroneous; he contends rather that any charge on entrapment might have led the jury to believe that he had committed the offenses with which he is charged.

■ It is well settled law that a jury charge must be considered in its entirety and not on a sentence-by-sentence basis. *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 734 (1973); *United States v. LaRiche*, 549 F.2d 1088 (6th Cir. 1977). Included in the Court's charge are the following:

"The defendant denies every material aspect of the accusation and the charges against him." (TR. p. 934).

"A defendant is never to be convicted on a mere suspicion or conjecture." (TR. p. 935).

"The law never imposes upon the defendant in a criminal case the burden or duty of calling witnesses or producing evidence." (TR. p. 935).

"The Government must prove all of the essential elements with respect to each of the counts beyond a reasonable doubt before a verdict of guilty may be returned with respect to that count." (TR. p. 938).

■ When the entrapment instruction is considered as part of the Court's complete instructions, it is difficult to find prejudice to the appellant. The last two paragraphs of the instruction are particularly significant. In each, the matter is addressed to the jury, based upon the jury's determination of what facts were proved. In the totality of circumstances of this case, the entrapment instruction did in fact permit appellant an additional defense without requiring him to admit his guilt to the offenses as required by *United States v. Henciar*, 568 F.2d 489 (6th Cir. 1977) and *United States v. Mitchell*, 514 F.2d 758 (6th Cir. 1975). Under such circumstances the instruction cannot be prejudicial. *Sylvia v. United States*, 312 F.2d 145 (1st Cir. 1963) *cert. den.* 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032, quoted with approval in *Ortega v. United States*, 348 F.2d 874 (9th Cir. 1965).

### IV

### OTHER ISSUES

Appellants assertions IV, V, and VI lack merit and may be disposed of summarily.

■ A defendant may be prosecuted for both a conspiracy and substantive offenses. *Iannelli v. United States, supra; Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *United States v. Shelton*, 573 F.2d 917 (6th Cir. 1978).

■ Admission of tape recorded conversations and written transcripts are not prej-

---

**3.** "The defendant asserts or indicates that he was a victim of entrapment as to the crime charged in the indictment.

Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law as a matter of policy forbids his conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that Government agents provide what appears to be a favorable opportunity is not entrapment. For example, when the Government suspects that a person is engaged in the illicit sale of narcotics, it is not entrapment for a Government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to purchase narcotics from such suspected person.

If, then, the evidence in the case should leave you, the jury, with a reasonable doubt whether the defendant had the previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some officer or agent of the Government, then it is your duty to acquit him.

If, however, the jury should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offenses involved in this case, the defendant was ready and willing to commit crimes such as charged in the indictment whenever opportunity was afforded, and that Government officers or their agents did no more than offer the opportunity, then the jury should find that the defendant is not a victim of entrapment."

udicial error in this circuit. *United States v. Smith*, 537 F.2d 862 (6th Cir. 1976); *United States v. Vigi*, 363 F.Supp. 314, *aff'd* 515 F.2d 290 (6th Cir. 1975); *United States v. Osborn*, 350 F.2d 497 (6th Cir. 1965), *aff'd* 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966).

■ It is not the function of an appellate court to consider the weight of the evidence. It is clear upon an examination of the transcript that sufficient evidence to warrant jury verdicts of guilty was present in this matter.

## V

While it has not been asserted as a ground of error, it should be noted that the previous remand of this Court on November 22, 1976, contained the following instruction:

> To vacate the sentence imposed, to set aside the plea of guilty entered by appellant as hereinabove set forth, and to permit him to enter a new plea to the within charge.

On December 29, 1976, the defendant's conviction and sentence were vacated.

Before a new plea was entered, the 1974 indictment was dismissed, and on January 31, 1977, a new indictment was returned to which appellant pleaded not guilty to all counts. Since appellant's sentence and plea were vacated and a new plea of not guilty to identical charges was entered, it is clear that the mandate of this Court was carried out.

The convictions are hereby AFFIRMED.