UNITED STATES of America,
Plaintiff-Appellee,

v.

John Harrison GAINES,
Defendant-Appellant.

No. 78–5063.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1978.

Decided March 2, 1979.

Certiorari Denied June 18, 1979.
See 99 S.Ct. 2888.

---

542

Kurt A. Philipps, Covington, Ky. (Court-appointed), for defendant-appellant.

James K. Robinson, U. S. Atty., Ronald W. Mellish, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before WEICK and EDWARDS, Circuit Judges, and LAWRENCE, District Judge.*

LAWRENCE, Senior District Judge.

Appellant was convicted by a jury on November 2, 1977, in the Eastern District of Michigan on two counts of an indictment charging defendant with unlawful possession with intent to distribute 26.67 grams of cocaine (21 U.S.C. § 841; 18 U.S.C. § 2) and

---

* Hon. Alexander A. Lawrence, Senior Judge, United States District Court for the Southern District of Georgia, sitting by designation.

unlawfully carrying a firearm during the commission of a felony. 18 U.S.C. § 924(c). In sentencing Gaines, the trial judge directed that the firearm count run consecutively to the one for possession of cocaine with intent to distribute. Judge Churchill construed § 924(c)(2) as mandating a consecutive sentence. He ruled that the statute left him without discretion as to the imposition of a term of imprisonment running consecutively with that imposed under count one.

On appeal the defendant makes two contentions, namely:

(1) That the trial court erred in instructing the jury that ordinarily it is reasonable to infer that a person intends the natural and probable consequences of acts knowingly done or omitted.

(2) That Title 18 U.S.C. § 924(c) does not require a consecutive sentence on the count charging defendant with the carrying of a firearm in the commission of a felony since, properly construed, the mandatory sentence provision is applicable only to second or subsequent convictions.

## I

### Shifting of Burden of Proof to Defendant

■ The trial court charged the jury as follows:

"Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's intent from the surrounding circumstances. You may consider all statements made and acts done or omitted by the defendant and all other facts and circumstances in evidence which indicate his state of mind. It is ordinarily reasonable to infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted." [1]

The standard instruction as to the inference of intent as suggested in Devitt and Blackmar, *Federal Jury Practice and Instructions* § 14.13 (3rd ed. 1977) reads as follows:

"Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence."

In *United States v. Denton*, 336 F.2d 785, 788 (1964) and *United States v. Releford*, 352 F.2d 36 (1965), *cert. den.* 382 U.S. 984, 86 S.Ct. 562, 15 L.Ed.2d 473 (1966), this Circuit dealt with an instruction by the trial court which might convey, far more than the charge given in the present case, the impression to the jury that the burden of disproving intent, under certain circumstances, is shifted to defendant. In both cases the trial judge used the language: "So, unless the contrary appears to you from the evidence, you may draw the inference that [the defendant] intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act which he knowingly did or knowingly omitted." [2]

---

1. Defense counsel objected to the court's charge to the effect the jury could consider it reasonable that a person intends the natural and probable consequences of acts knowingly done or omitted. He urged that the tendency of the instruction given was to leave the impression that if defendant did an act, it could be inferred that he intended to do it, with the

result that the burden was thereby shifted to the accused to disprove intent. We reject the Government's contention that counsel did not adequately object to this instruction by not fully articulating the basis of his exception.

2. The instruction quoted first appeared in Form 39, Proof of Intent, in Mathes, "Some Suggested Forms for Use in Criminal Cases," 20 F.R.D.

In the *Denton* case Judge Edwards took notice of the vigorous criticism that had been directed to an instruction of this type.[3] Nevertheless, both there and in *Releford* this Court held that, in the light of the entire instructions, there was no error affecting any "substantive right" of the defendant.[4]

Even if the criticized instruction were suggestive of a shift of the burden as to proof of specific intent, such effect was dissipated in the light of the charge in its totality. The trial court instructed the jury that it was not to single out one instruction but had to consider the instructions as a whole. The defendant was to be presumed to be innocent and could not be found guilty by mere conjecture or speculation. He was to be convicted only by proof of guilt beyond a reasonable doubt and that burden is never shifted. The prosecution bore the onus of producing such quantum of proof in respect to specific intent. The jury could draw from the facts as found and proven such reasonable inferences as it felt justified in the light of experience.

This Court has held that there was no reversible error in an instruction as to inference which included the language "unless the contrary appears from the evidence." Such is particularly true where, as in the present case, the proof of defendant's guilt is strong. See *United States v. Denton, supra*, 336 F.2d 785; *United States v. Releford, supra*, 352 F.2d 36; also *United States v. Smaldone*, 484 F.2d 311, 321 (10th Cir. 1973), *cert. den.* 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974); *United States v. Littlebear, supra*, 531 F.2d 898. Independently of any resort to inference by the jury, a plentitude of affirmative, objective evidence in respect to Gaines' intent exists. The district judge characterized the evidence in the case as "not only convincing [but] absolutely overwhelming."

If district judges in the Sixth Circuit charge at all on inferred intent, it is suggested that they do so in the language of the instruction on that subject recommended in Devitt and Blackmar § 14.13.[5] Even if the pattern instruction is not beyond criticism, there was no error in the charge of the trial court viewed in the whole rather than isolated part.

This Court further suggests that the wording in the model charge, to wit: "and done or omitted" not be used in the future in this Circuit. See *United States v. Reeves*, 594 F.2d 536 (6th Cir. 1979). The instruction by the trial judge in the instant case was in essence in accord with this recommendation.

231, 264–65 (1957). Its history and evolution are discussed at length in *United States v. Chiantese, infra*, 560 F.2d at 1249 and n. 3. See also "How to Abolish the Mann Charge," *University of Florida Law Review*, XXX (Spring, 1978), 640 n. 7; "Mann or Beast? The Mann Charge in the Fifth Circuit," 9 *Cumberland Law Review* (Spring, 1978), 129–175.

3. For example, *Mann v. United States*, 319 F.2d 404 (5th Cir. 1963), *cert. den.* 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1964). Since the decision in *Releford*, the critical barrage leveled by other courts upon the instruction has increased as reflected in *United States v. Robinson*, 545 F.2d 301 (2nd Cir. 1977); *United States v. Erb*, 543 F.2d 438 (2nd Cir.), *cert. den.* 429 U.S. 981, 97 S.Ct. 493, 50 L.Ed.2d 590 (1976); *United States v. Littlebear*, 531 F.2d 896 (8th Cir. 1976); *United States v. Chiantese, supra*, 560 F.2d 1244 (5th Cir. 1977). The particular charge has been "universally criticized," according to *United States v. Wilkinson*, 460 F.2d 725, 733 (5th Cir.).

4. In the present case, the charge contained no language similar to "So, unless the contrary appears." As stated above, the instruction given was substantially the same as the pattern instruction contained in Devitt and Blackmar. In *United States v. Chiantese*, 560 F.2d at 1256 the Fifth Circuit sitting *en banc* recommended (with a caveat as to giving any charge at all on the subject) use of the form of instruction in the 1977 edition of *Federal Jury Practice and Instruction*, § 14.13. On the subject of curative instructions, see the panel's decision in *Chiantese* on remand. 582 F.2d 974, 975–77.

5. The volume of appeals generated by the use of the *Mathes* and *Mann*-type instruction has recently caused the Third and Fifth Circuits to require district courts, after ninety days, to cease using language reasonably interpretable as shifting the burden of proving intent. *Chiantese, supra*, 560 F.2d 1244, 1256, 1259; *United States v. Garrett*, 574 F.2d 778, 782–83 (3rd Cir. 1978), *cert. den.* 436 U.S. 919, 98 S.Ct. 2265, 56 L.Ed.2d 759 (1978).

## II

### The Consecutive Sentence Issue

Appellant contends that the trial court erred in concluding that it was mandatory to impose a consecutive sentence on the count charging Gaines with carrying a firearm during the commission of the felony involved. It is argued that in the instance of a first felony offense a consecutive sentence under the statute is discretionary and that it may be made to run concurrently with that imposed in the case of the underlying felony conviction.

Section 924(c) of Title 18 was a rider to the Omnibus Crime Control Act of 1970 which amended the Omnibus Crime Control and Safe Streets Act of 1968. The section in issue states:

"(c) Whoever—

    \*     \*     \*     \*     \*     \*

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony."

The nidus of the problem of interpretation of this subsection lies in that portion of it which states that the term of imprisonment in the case of a second or subsequent offense shall not be probated, suspended or made to run concurrently with the term of imprisonment imposed for the felony, a limitation not made applicable to a first felony conviction. Appellant argues that in the latter case the imposition of a consecutive, additional sentence is discretionary and not mandatory with the court and that it may run concurrently with the sentence for the basic felony or may be suspended or probated. Counsel for Gaines contends that the trial judge failed to exercise his discretion as a result of his erroneous belief that a consecutive sentence for carrying a firearm in the commission of defendant's first felony offense was mandatory on his part.

The legislative history as to the enactment of § 924(c) and its 1968 predecessor is reviewed at length in *United States v. Sudduth,* 457 F.2d 1198 (10th Cir. 1972). In that case the Court was principally concerned with whether the subsection in question is merely an enhancement of the penalty for the underlying crime or whether it constitutes a separate offense. It was held in *Sudduth* that Congress intended § 924(c) to be a distinct offense. To similar effect see *United States v. Crew,* 538 F.2d 575 (4th Cir.), *cert. den.* 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976) and *United States v. Eagle,* 539 F.2d 1166 (8th Cir. 1976), *cert. den.* 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977).

The matter of proper construction of § 924(c) as related to consecutive sentences in the case of defendant's first felony conviction has not been dealt with in the Sixth Circuit prior to the present case. In *United States v. Sudduth, supra,* the Tenth Circuit ruled, without discussion or reasoning and in what appears to be *dicta,* that "As to the question of first offenses, we hold that the limitations on concurrent and suspended sentences in 18 U.S.C. § 924(c) refer only to second and subsequent offenses." See 457 F.2d at 1202.

■ The legislative history of § 924(c) affords little or no exegetical assistance.[6]

---

6. It is apparently limited to the following comment in the Conference Committee Report on the Omnibus Crime Control Act of 1970: "The

Senate amendment contained a provision not in the House bill amending a section of the Gun Control Act of 1968 that imposes additional

Its draftmanship is poor, at best.[7] However, it is clear that the use by Congress of the imperative "shall" in that subsection compels the trial judge to impose additional sentence of one to ten years for carrying a firearm in the commission of the first felony. The subsection goes on to provide that in the case of a second or subsequent felony conviction the court cannot suspend or probate or make the additional punishment run concurrently with the sentence imposed for the underlying offense. No such limitation on the power of the sentencing court exists in the case of a first felony conviction. Neither in terms nor by implication does it apply to the latter. There is nothing except the judge's discretion to prevent the imposition of the required additional and consecutive sentence and then to suspend or probate it or to make same concurrent to that imposed for the first felony.

As a matter of fact, this appears to have been the view of Judge Churchill. In the course of the sentencing procedure he stated that he was "not saying in the case of a first offense that the Court must impose a prison sentence, that issue is not before me." He added that "technically" he could "impose probation." However, the trial judge also stated: "In any event it's the judgment of the Court that the sentences be consecutive and I am not exercising my discretion at the moment to make them concurrent simply because I don't feel I have any discretion. I imposed this consecutively."

The trial court conceived that it was statutorily required to impose a consecutive sentence although a first felony conviction was involved. In fact, under the wording of the subsection, the additional penalty is mandatory in such a case. However, the

trial court after imposing a consecutive sentence may suspend same or make it run concurrently with that imposed for the underlying felony. Whatever the judge may have said in regard to his lack of discretion to impose anything but a consecutive sentence, the record makes it clear that he did in fact exercise discretion in not making the three year sentence on count three run concurrently as well as in not suspending or probating such additional penalty.

Judge Churchill stated during the sentencing of defendant that the two crimes of defendant called for a prison sentence. The defendant was "carrying a large dangerous weapon in the commission of a felony" in order to shoot and kill if necessary. There was "no other sensible reason," he continued, "for carrying a weapon like this around inside a briefcase with several thousand dollars worth of an illegal substance."

Obviously the sentencing judge adjudged the case to be one in which a concurrent or suspended sentence was inappropriate. His decision in that respect was the result of the exercise of discretion on his part.

On the basis of the record in this case, it would make little sense to remand the case, as Gaines' counsel urges, for the purpose of resentencing the defendant on the charge of carrying a firearm in the commission of the crime.

The judgment of the District Court is affirmed.

---

penalties for the use of a firearm to commit, or for carriage of a firearm unlawfully during the commission of, a Federal felony. The Senate amendment reduced the minimum sentence for a second or subsequent offense from five to two years, and also provided that a sentence could not run concurrently with any sentence imposed for the underlying Federal felony. The conference substitute adopts the Senate amendment." 3 *U.S.Code Cong. and Administrative News* (1970), pp. 5804, 5848.

7. In 1971 Congress amended § 924(c). However, it did not undertake to clarify the matter of a consecutive sentence or suspension or probation of such additional sentence in the case of the first felony offense. However, the amendment made clear that the punishment in such a case was "in addition to the punishment provided for in the commission of such felony."