**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hans Wright BOHLMANN, Defendant-Appellant.**

**No. 79-5264.**

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1980.

Decided July 23, 1980.

Rehearing and Rehearing En Banc Sept. 17, 1980.

Percy Foreman, R. Michael DeGeurin, Houston, Tex., for defendant-appellant.

James R. Williams, U. S. Atty., Frederick H. McDonald, Toledo, Ohio, for plaintiff-appellee.

Before CELEBREZZE, ENGEL and KEITH, Circuit Judges.

PER CURIAM.

This case is before the court on direct appeal from judgments of conviction entered by the United States District Court for the Northern District of Ohio upon jury verdicts finding defendant-appellant, Hans Bohlmann, guilty of conspiracy to manufacture and the willful and knowing manufacture of a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The appellant was sentenced on July 20, 1979 to consecutive five-year terms of imprisonment on each count, with special parole terms of four years on each count. On appeal appellant contends, *inter alia*, that a portion of the trial court's jury instructions on intent impermissibly and un-

constitutionally shifted the burden of proof to the appellant, and that the trial court relied on impermissible factors in sentencing the appellant. For the reasons stated below, we affirm.

At approximately 9:30 a. m. on May 4, 1978, a fire broke out in a two-story farmhouse on Catawba Island, Ohio. David Till, a passing motorist, noticed the flames, stopped, and notified the authorities. Mr. Till had a conversation with a man leaving the scene whom he later identified as the appellant.

When the local firechief entered the burning building, he observed several five-gallon containers of ether and other chemicals. These chemicals were inventoried and removed from the house. In pursuing his investigation Firechief Rogers recovered several syringes from the severely damaged structure. Mr. Rogers decided to contact local law enforcement officials, the state fire marshal, and also the Drug Enforcement Administration.

Upon execution of a search warrant, authorities extracted samples from the containers. They also seized laboratory equipment, a chemical catalog, and miscellaneous papers from a pick-up truck that bore appellant's name. A DEA chemist testified that upon analysis of the syringes he discovered the presence of methamphetamine. The chemist further testified there were enough chemicals and equipment present to manufacture approximately twenty-five pounds of the drug, with a street value of between $700 and $1,000 an ounce.

■ Mrs. William Neese, wife of one of appellant's co-conspirators, testified at trial against the appellant. Her testimony was particularly damaging because she testified that appellant, along with her husband, was a key figure in the methamphetamine laboratory.[1]

As a portion of its charge to the jury, the trial court included the following instruction on intent:

> As a general rule, it is reasonable to infer that a person ordinarily intends all the natural and probable consequences of acts knowingly done or knowingly omitted. So, unless the evidence in the case leads the jury to a different or contrary conclusion, the jury may draw the inference and find that the accused intended all the natural and probable consequences which one, standing in like circumstances, and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly admitted by the accused.

Appellant failed to object to the use of this instruction at trial.

Appellant argues that this charge constituted plain and reversible error since it impermissibly and unconstitutionally shifted the burden of proof on the element of intent to the appellant. See Sandstrom v. Montana, 422 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

Appellant's attack upon this jury instruction is not new to this court and has engendered a number of opinions criticizing the use of this instruction. See United States v. Reeves, 594 F.2d 536 (6th Cir.), cert. denied, 442 U.S. 946, 99 S.Ct. 2893, 61 L.Ed.2d 317 (1979); United States v. Gaines, 594 F.2d 541 (6th Cir.), cert. denied, 442 U.S. 944, 99 S.Ct. 2888, 61 L.Ed.2d 314 (1979); United States v. Releford, 352 F.2d 36 (6th Cir. 1965), cert. denied, 382 U.S. 984, 86 S.Ct. 562, 15 L.Ed.2d 473 (1966); United States v. Denton, 336 F.2d 785 (6th Cir. 1964). In our most recent decision on this issue, United States v. Reeves,[2] supra, we specifically held that this jury instruction "ha[s] a burden-shifting tendency and should not be used in the future in this Circuit." 594 F.2d at 540. In Reeves we found that this jury instruction, though erroneous, was not a basis for reversal since the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We note at this juncture our continued disapproval of this jury instruction and

---

1. Appellant does not attack the sufficiency of the evidence adduced by the Government. We find, however, that the evidence of record is indeed sufficient to support the jury's verdicts.

2. *United States v. Reeves*, 594 F.2d 536 (6th Cir. 1979), was decided by this court approximately two months prior to the trial in this case.

strongly urge the district courts in our circuit to follow the recommendations outlined in *Reeves,* 594 F.2d 536, 539–41.[3] In *Reeves,* we specifically recommended a definition of intent which did not contain in our view any burden-shifting implications and is readily available in 1 *Devitt & Blackmar, Federal Jury Practices and Instructions* § 14.13 (3d ed. 1977).[4] *See Reeves,* 594 F.2d at 541.

◼ Upon the facts of this case we are convinced, as in *Reeves,* that the use of the erroneous jury instruction was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We find the evidence of appellant's guilt overwhelming and conclude that the error could not have reasonably affected the jury's verdict.

Appellant also contends the sentences imposed by the district court should be vacated on the ground that they were based on impermissible factors, i. e., his exercise of his constitutional right to remain silent and his right to a jury trial. *See United States v. Derrick,* 519 F.2d 1 (6th Cir. 1975). Specifically, appellant submits the trial court imposed a more severe sentence because he refused to confess to the crimes charged.[5] We find appellant's arguments unpersuasive. Our ruling today should not be construed to prejudice appellant's rights under Fed.R.Crim.P. 35 [6] to move for relief in the district court.[7]

Accordingly, the judgments of conviction should be and hereby are affirmed.

## ON REHEARING

◼ Defendant-appellant's petition for rehearing having come on to be considered and of the judges of this Court who are in regular active service less than a majority having favored ordering consideration en banc, this petition has been referred to the panel which heard the appeal. Petitioner raises a number of issues in his petition all but one having been considered previously by the panel. This sole issue not previously considered concerns the propriety of the district court's imposition of a special parole term pursuant to a conspiracy convic-

---

3. We also remind the respective United States Attorneys and other counsel for the Government of their special role as representatives of a sovereign and their duty to bring to the court's attention, in certain circumstances, errors which may not injure the Government's case but may unconstitutionally infect the fairness of the proceedings. *See Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Bess,* 593 F.2d 749 (6th Cir. 1979); *United States v. Leon,* 534 F.2d 667 (6th Cir. 1976).

4. The jury instruction we recommended in *Reeves* and found at 1 *Devitt & Blackmar* § 14.13 reads as follows:

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's intent from the surrounding circumstances. You may consider any statements made 1 by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence. (Footnote added).

1 Note that the words "and done or omitted" have been deleted by this court from § 14.13, lines 5 and 6, of the original Devitt & Blackmar.

5. Appellant does not argue that the district court imposed a sentence which exceeds statutory limitations.

6. *Fed.R.Crim.P.* 35 provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

7. Appellant has raised a number of other issues in this appeal. The court has considered each one and finds them to be without merit.

tion under 21 U.S.C. § 846. *See Bifulco v. United States*, — U.S. —, 100 S.Ct. 2247, 65 L.Ed.2d — (1980). We conclude that this issue was not properly raised before the court on direct appeal and therefore, cannot be considered in the instant petition for rehearing. Our ruling instantly in no way prejudices petitioner's ability to move the district court pursuant to Fed. R.Crim.P. 35 to correct an illegal sentence, or to file a motion under 28 U.S.C. § 2255 for relief.

Accordingly, having considered defendant-appellant's petition and having found no reason to rehear the case,

It is ORDERED that the petition be, and it hereby is denied.

Before EDWARDS, Chief Judge, BROWN, Circuit Judge, and PECK, Senior Circuit Judge.