772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Gilbert Smith, Plaintiff-Appellant,
v.
U.S. Marshals, et al., Defendants-Appellees.
 No. 84-3166
 United States Court of Appeals, Sixth Circuit.
 8/27/85
 
 N.D.Ohio
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and RUBIN, Chief District Judge*.
 
 
 2
 This pro se plaintiff appeals from a district court judgment granting the defendants summary judgment and dismissing plaintiff's Bivins-type civil rights complaint. As gleaned from plaintiff's complaint and his motions filed in response to the defendants' motion to dismiss or for summary judgment in the district court, the plaintiff charged the defendants with illegally searching and seizing his belongings which included $3,131.00 in cash, a knife valued at $100.00 and personal informtion from his wallet which was found in a leather bag inside plaintiff's gym bag. The belongings were seized from the plaintiff's hotel room at the time of his arrest on either February 17 or 18, 1981. Plaintiff was arrested as a fugitive because he failed to surrender himself to the federal authorities four years earlier after this court affirmed his conviction on multiple drug charges. United States v. Smith, 584 F.2d 759 (6th Cir. 1978), cert. denied, 441 U.S. 922 (1979). Plaintiff was sentenced to fifteen years imprisonment and fined $10,000 for committing the drug offenses.
 
 
 3
 In his complaint, plaintiff charged that his cash was wrongfully ordered to be turned over to the clerk of court without his having received any notice of the proceeding and without his being given an opportunity to appeal the order and that he has repeatedly asked the authorities to return his knife, but they have failed to do so. Finally, plaintiff claimed that an unknown U.S. Marshal searched his gym bag after the bag was given to plaintiff's attorney while the attorney was using the telephone. Plaintiff charged that, upon discovering this act, both he and his attorney objected to the search of the bag and specifically of his wallet from which personal information was taken and later disseminated to law enforcement agencies.
 
 
 4
 Upon considering both the plaintiff's and the government's position on these claims, the district court granted summary judgment to the defendants. It concluded that the initial seizure of plaintiff's belongs was proper as a seizure incident to his arrest. The turnover of money wa also proper pursuant to 18 U.S.C. Sec. 3565 which authorizes execution against property to satisfy a judgment entered in the government's behalf. The failure to return plaintiff's knife to him while he is in prison was also considered justified as a reasonable security measure. Finally, the district court concluded that the information obtained from the plaintiff's wallet was properly seized upon plaintiff's lawful arrest.
 
 
 5
 Upon consideration of the district court record in light of the appellate arguments made by all of the parties to this cause, this court concludes that the district court properly entered summary judgment for the defendants on the first two claims. Adickes v. Kress & Co., 398 U.S. 144, 157-59 (1970); Smith v. Hudson, 600 F.2d 60, 63-65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 6
 Clearly, the initial seizure of plaintiff's belongings from the hotel room where he was arrested was proper as the search and seizure was conducted incidental to his unchallenged lawful arrest. Chimel v. California, 395 U.S. 752, 762-63 (1969). The turnover order was also issued pursuant to a federal statute which authorizes execution of property to satisfy a valid judgment entered in the government's behalf. Further, as an incarcerated prisoner the plaintiff has no right to posses a knife or other weapon.
 
 
 7
 The claim that the wallet was searched and the contents seized after they had been relinquished by the arresting officers to plaintiff's attorney was not answered by the government. This allegation, if true, could conceivably support a claim for relief and thus created a genuine issue of fact which required a response.
 
 
 8
 The panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed in part and vacated in part and the case is remanded for further proceedings. Rule 9(d)(3) & (4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation