803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CURTIS LEE TATE, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 85-1479.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1986.
 
 Before KEITH and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Curtis Lee Tate, a/k/a Willie Perry Woods and Curtis Arthur Tate, is serving a life sentence following his 1976 jury conviction for kidnapping. On December 20, 1984, Tate filed this pro se motion to vacate sentence under 28 U.S.C. Sec. 2255. He alleges that he is entitled to relief because of: (1) an erroneous jury instruction; (2) the trial court's failure to sentence him under the Youth Corrections Act; (3) the introduction of inadmissible evidence; (4) denial of a speedy trial; (5) ineffective assistance of counsel; (6) insufficient evidence; (7) the introduction of inadmissible hearsay testimony; (8) the use of a false pre-sentence report in determining his sentence; (9) two members of the jury having seen him in handcuffs and leg shackles during a trial recess; and (10) his sentence being harsher than he thinks it might have been had he pleaded guilty. On June 3, 1985, the district court summarily dismissed the motion without requiring a response from the government. Tate timely filed this appeal. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 28 U.S.C. Sec. 2255 allows a federal prisoner to challenge a sentence imposed in violation of the Constitution or laws of the United States. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the motion may be summarily dismissed if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the movant is entitled to no relief. In this case, the district court summarily denied the motion "for the reason that the defendant received a fair trial, his sentence was fair and just when given and remains fair and just."
 
 
 3
 The district court was unduly terse: "the preferred practice in dismissing a section 2255 motion in accordance with Rule 4(b) is to enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." United States v. Counts, 691 F.2d 348, 349 (7th Cir. 1982). Our independent review of the record shows that Tate is entitled to no relief as to most of the issues he raises, but we are unable to make an informed judgment as to one of them and a remand is necessary with respect to that issue.
 
 
 4
 Tate first challenges the instruction to the jury that "it [i]s ordinarily reasonable to infer that a person intends the natural and probable consequences of an act knowingly done or knowingly admitted." Trial Transcript, Vol. II, at 152. Tate claims that an almost identical instruction was held to be in error in Mann v. United States, 319 F.2d 404 (5th Cir. 1963). This is clearly not the case; the court in Mann found error in the portion of the instruction immediately following the one in question here. "If the charge had ended when the jury was told that a person is presumed to intend the natural consequences of his own acts, when considered in light of the charge as a whole, there would have been no error." Mann 319 F.2d at 409. Cf. United States v. Denton, 336 F.2d 785, 788 (6th Cir. 1964). The order of the district court is affirmed as to this ground.
 
 
 5
 Tate's second and tenth grounds relate to the sentence per se. Tate alleges (1) that the district court did not take into account the Youth Corrections Act, 18 U.S.C. Sec. 5001 et seq., and (2) that the district court imposed a harsher punishment on him because he exercised his right to a trial by jury. As long as a criminal sentence is within the range permitted by statute, an appellate court will not invade the discretion of the district court. "'There are few exceptions to the rule that a sentencing decision by a district judge is unreviewable if it is within statutory limits . . . ."' United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir. 1983) (quoting United States v. Barbara, 683 F.2d 164, 166 (6th Cir. 1982). Grounds two and ten are obviously without merit, and the order of the district court as to these grounds is affirmed.
 
 
 6
 Tate's third issue is that it was unduly prejudicial to admit evidence of certain acts allegedly committed by Tate in the course of the kidnapping: (1) a robbery of a grocery store; (2) the shooting of one of the victims in the finger; and (3) a sexual assault on one of the victims. This evidence was properly admitted, because it was "inextricably intertwined with the evidence regarding the alleged offense" and "necessary to complete the story of the crime at trial . . . ." United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983). (The admission of a death certificate to explain the death of one of the alleged victims is an unrelated incident. There was nothing prejudicial about this, the evidence merely serving to explain to the jury why one of the main characters in the episode was not testifying.) The order of the district court is affirmed as to the third issue.
 
 
 7
 The fourth issue raised by Tate is that he was denied his right to a speedy trial because of a post-indictment delay of 18 months. It is clear that most of this time was spent in an effort to determine the defendant's mental competency to stand trial. This was "a valid reason" for the delay. Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See also United States v. Matsushita, 794 F.2d 46, 50-51 (2d Cir. 1986). The order of the district court is affirmed as to Tate's speedy trial claim.
 
 
 8
 The sixth ground raised by Tate is that there was insufficient evidence for any rational trier of fact to have rendered a verdict of guilty. This is simply not the case. The testimony of two of the three persons victimized was presented to the jury. It was well within reason for the jury to have found that Tate committed the crime of which he was accused. The order of the district court must also be affirmed as to this ground.
 
 
 9
 Tate's seventh issue involves testimony of the victim's mother, who heard Tate say to the victim at a previous judicial proceeding that "if I had killed you I wouldn't have been here today." Trial Transcript, Vol. I at 71-72. The district court correctly found, at the time of trial, that the alleged statement was an admission and that its probative value outweighed any prejudice. Id. at 73. That decision was not an abuse of the trial court's discretion, and we affirm the district court as to the seventh issue.
 
 
 10
 Tate's ninth issue is that two members of the jury allegedly saw Tate being escorted during a trial recess wearing handcuffs and leg shackles. While trial courts should make every effort to prevent such occurrences, it is inevitable that there will be occasional instances such as the one alleged by Tate. Tate has failed to show any prejudice, and we affirm the order of the district court as to this issue as well. See United States v. Carr, 647 F.2d 867, 868 (8th Cir. 1981); DuPont v. Hall, 555 F.2d 15, 17 (1st Cir. 1977).
 
 
 11
 Only as to Tate's eighth ground does it not "plainly [appear] from the face of the motion and any annexed exhibits and the prior proceedings in the case" that Tate's assertions are totally without merit. Rules Governing Section 2255 Proceedings 4(b). The pre-sentence report in question is not before us, and we are therefore unable to resolve this issue to our satisfaction. This case must be remanded so that district court can determine (1) if there were any errors in the pre-sentence report and (2) if there were any errors, whether they had any prejudicial impact on the severity of Tate's sentence. If the pre-sentence report is no longer available, the district court will have an opportunity to determine whether Rule 9(a) of the Section 2255 Rules applies; we have no independent basis for making such a determination.
 
 
 12
 We choose to deal last with Tate's fifth assertion that he was denied effective assistance of counsel. A review of the record indicates that defense counsel performed adequately at trial. Faced with overwhelming evidence against his client, defense counsel attempted to have Tate declared incompetent to stand trial. During the trial itself, defense counsel attempted on cross-examination to attack the reliability of the main witnesses against Tate. That he was unsuccessful in the face of overwhelming evidence against his client does not render the adequacy of his representation suspect. Tate also claims that none of the ten grounds he raises on this Sec. 2255 motion was raised on direct appeal. As we have shown, however, only one of these grounds survives an initial look at the face of the motion and the record under Rule 4(b) of the Section 2255 Rules. As to the alleged problem with the pre-sentence report, we are confident that the district court will be able to handle this matter satisfactorily on remand. Since Tate has failed to demonstrate prejudice, the order of the district court as to the fifth issue must also be affirmed. Strickland v. Washington, 466 U.S. 668, 691-96, 104 S.Ct. 2252 80 L.Ed.2d 674 (1984).
 
 
 13
 For the reasons stated above, the order of the district court is AFFIRMED as to all claims presented by Tate except for his assertion of impropriety regarding his presentence report. The cause is REMANDED to the district court for consideration of that issue.