**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John MURPH, Defendant-Appellant.**

No. 82–5624.

United States Court of Appeals,
Sixth Circuit.

Argued April 21, 1983.

Decided May 26, 1983.

Eldon L. Webb (argued), Federal Public Defender, Lexington, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Jane E. Graham, Asst. U.S. Atty., Lexington, Ky. (argued), for plaintiff-appellee.

Before LIVELY and ENGEL, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

This is a direct appeal by the defendant from his conviction for willfully causing another to submit a tax return to the Internal Revenue Service fraudulently claiming a refund. 18 U.S.C. §§ 2(b) and 287. On appeal the defendant contends that the evidence was insufficient to support the jury verdict and that the district court erred in its instructions to the jury.

■ The defendant took a false income tax return bearing a name other than his own and indicating that a refund was due the taxpayer to a "tax return discounter" and identified himself as the person entitled to the refund. The tax return discounter paid to the defendant approximately 50% of the amount shown due as a refund and then filed the return with directions that the refund be sent to him, the discounter. The defendant argues that he did not cause the tax discounter to make the claim for refund; rather, that his scheme ended when he sold the fraudulent tax return to the discounter and that he had no interest in whether the return was ever filed or not. He argues that the discounter filed the return for independent purposes of his own, that is, to obtain from the government approximately twice the amount he had paid the defendant for the return. Under these circumstances, the defendant argues, he did not cause the fraudulent claim to be filed. Ingenious though the argument of the defendant is, we conclude that it has no merit. The defendant knew when he sold the return to the discounter that the discounter was buying it for the purpose of presenting it to the government for a refund. This further act on behalf of the discounter was clearly understood and foreseen by the defendant and thus the defendant "caused" the return to be presented within the meaning of the Act. *Compare Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 362–63, 98 L.Ed. 435 (1954).

■ The defendant also complains that the district court charged the jury that it could find the defendant guilty if it found beyond a reasonable doubt that the claim was known to be false, fictitious *or* fraudulent. Defendant argues that the indictment was written in the conjunctive rather than the disjunctive and that he was charged with knowing that the return was false, ficticious *and* fraudulent. The statute under which he was charged, 18 U.S.C. § 287, is written in the disjunctive, while the indictment was written in the conjunctive. It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively. *United States v. Niederberger,* 580 F.2d 63 (3d Cir.), *cert. denied,* 439 U.S.

980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). Upon the trial the government may prove and the trial judge may instruct in the disjunctive form used in the statute.

Upon consideration of the briefs and oral argument of counsel together with the record on appeal this court concludes that no errors prejudicial to the rights of the defendant occurred in the district court proceedings. Accordingly, the judgment of the district court is affirmed.