856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald R. SPENCER (87-6200, 6256), William M. Lea (87-6201),
Defendants- Appellant.
 
 Nos. 87-6200, 87-6201 and 87-6256.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1988.
 Before LIVELY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald R. Spencer, M.D., and William M. Lea appeal their convictions relating to the filing of Spencer's individual and corporate income tax returns. For the following reasons, we affirm the district court's judgments.
 
 I.
 
 2
 On April 14, 1987, a grand jury indicted Spencer and his accountant Lea on several charges relating to the filing of Spencer's individual and corporate income tax returns. Specifically, count one charged Spencer and Lea with one count each of conspiracy in violation of 18 U.S.C. Sec. 371. Counts two through eight charged Spencer with attempted tax evasion for causing the filing of false corporate income tax returns for Spencer Medical Clinic, P.C., a solely owned professional corporation in three consecutive fiscal years and for causing the filing of false individual income tax returns in four calendar years in violation of 26 U.S.C. Sec. 7201. Counts nine through fifteen charged Lea with aiding and assisting fraud or false statements in violation of 26 U.S.C. Sec. 7206(2) for his role in the preparation of the income tax returns to which counts two through nine refer.
 
 
 3
 Both Spencer and Lea pled not guilty and a jury trial commenced on August 3, 1987. This trial lasted several days. Among the witnesses for the government were Internal Revenue Service (IRS) special agent William Cade and agent Walter Kemp. Cade testified primarily concerning an interview with Spencer on January 22, 1985. Cade's memorandum of interview, which he stated recorded the substance of their conversation, was admitted into evidence. Agent Kemp testified concerning the computation of the alleged tax deficiency. Summary charts were introduced into evidence by Kemp to show Spencer's individual and corporate unreported income and additional tax due.
 
 
 4
 At the close of the evidence, the district court conferred with counsel concerning jury instructions. The court suggested giving an instruction on the lesser-included offense of willfully filing a false or fraudulent tax return in violation of 26 U.S.C. Sec. 7207 in Spencer's case. Spencer's attorney considered this suggestion and did not object.[1] The government's attorney objected to giving the proposed charge on the facts of this case. Lea's attorney was of the opinion that this proposed charge did not affect his client. In the end, the court did instruct the jury on the lesser-included offense of willfully filing a false or fraudulent tax return in Spencer's case. The court, however, did not give certain other jury instructions which were requested by appellants.
 
 
 5
 After deliberation, the jury returned verdicts of not guilty on the conspiracy count and on the counts of attempted tax evasion against Spencer. The jury, however, returned verdicts of guilty against Spencer on the lesser-included offense of willfully filing a false or fraudulent tax return and against Lea on the counts of willfully aiding and assisting fraud or false statements. The court entered judgment and probation/commitment orders consistent with these jury verdicts.
 
 
 6
 Spencer and Lea filed notices of appeal. Thereafter, Spencer filed a motion for release pending appeal from judgment of conviction and a motion for new trial and/or arrest from judgment. Both motions were denied by the district court. Subsequently, Spencer filed a second notice of appeal. The parties raise several issues for this court's consideration on appeal.
 
 II.
 A.
 
 7
 Initially, both Spencer and Lea argue that the district court erred in instructing the jury on the lesser-included offense of willfully filing a false or fraudulent return in Spencer's case. We reject this argument.
 
 
 8
 The elements of 26 U.S.C. Sec. 7201, attempted evasion of income tax, include the following: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Curtis, 782 F.2d 593 (6th Cir.1986). A violation of 26 U.S.C. Sec. 7207 requires "the willful filing of a document known to be false or fraudulent in any material manner." Sansone, 380 U.S. at 352. Violation of section 2701 is a felony, while violation of section 2707 is a misdemeanor.
 
 
 9
 In Sansone, the Supreme Court stated that the lesser-included offense doctrine applies to these statutes in appropriate cases. Id. at 359. The general rule for determining whether an instruction on a lesser-included offense instruction is appropriate follows:
 
 
 10
 '[I]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it ... [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.
 
 
 11
 Id. at 349-50 (citations omitted). The Supreme Court noted that conduct could violate section 7207 without violating 7201 if the false statement, though material, does not constitute an attempt to evade or defeat taxation because it does not have the requisite effect of reducing the stated tax liability. Id. at 352. In Sansone, however, the petitioner was not entitled to a lesser-included offense charge based on section 7207 because there was no dispute that the petitioner's material misstatement resulted in a tax deficiency. Thus, there was no disputed fact concerning the existence of an element required for conviction of section 7201 but not required for conviction of 7207. Id. at 353. "Given petitioner's material misstatement which resulted in a tax deficiency, if, as the jury obviously found, petitioner's act was willful in the sense that he knew that he should have reported more income than he did for the year 1957, he was guilty of violating both Secs. 7201 and 7207. If his action was not willful, he was guilty of violating neither." Id.
 
 
 12
 In United States v. Citron, 783 F.2d 307, 314 (2d Cir.1986), the Second Circuit reversed the appellant's convictions for violations of 26 U.S.C. Sec. 7206(1) (filing false returns, also a lesser-included offense of section 7201) and remanded the case with instructions that they be dismissed because the jury was presented with no factual or legal basis for deciding the section 7201 and 7206(1) counts differently. The court relied on its previous opinion in United States v. Harary, 457 F.2d 471, 479 (2d Cir.1972), which held that in appropriate cases a defendant may invoke the principle that a lesser-included offense should not be submitted to the jury when, in light of the evidence presented at trial, the jury could not rationally acquit the defendant of the greater crime and convict him of the lesser-included one to require that the lesser charge be withheld from the jury. Citron, 783 F.2d at 312. The court cautioned, however, that " 'we do not consider it to be reversible error to submit a lesser charge to the jury unless no 'disputed factual element' which distinguishes the offenses is present and, in addition, the defendant makes a timely motion or objection at trial.' " Id. (quoting Harary, 457 F.2d at 479). The inquiry into whether such disputed factual elements separate the two offenses is appropriately undertaken at the close of evidence. Id. The court noted as follows:
 
 
 13
 Inconsistent jury verdicts rendered at the same time do not normally constitute grounds for reversal[.] But when there is no distinction in a given case between the factual elements of both crimes, 'to instruct on both offenses "would only invite the jury to pick between the [greater and lesser] so as to determine the punishment to be imposed, a duty Congress has traditionally left to the judge." '
 
 
 14
 Id. (citations omitted).
 
 
 15
 The instant case is distinguishable from Citron. Appellant in the instant case did not object to the jury instruction on the lesser-included offense of willfully filing a false or fraudulent return. The requirement in Citron that the defendant object to the lesser-included offense instruction prevents a defendant from requesting a lesser-included offense instruction believing that there is no factual basis for deciding the two offenses differently, and then arguing after his conviction of the lesser-included offense that the instruction should not have been given. Moreover, the district court's giving of a lesser-included offense instruction when there is no factual basis for deciding the two offenses differently without objection from the defendant does not constitute plain error, see Fed.R.Crim.Proc. 52(b), since inconsistent jury verdicts rendered at the same time do not normally constitute grounds for reversal. United States v. Powell, 469 U.S. 57, 69 (1984); Dunn v. United States, 284 U.S. 390, 393 (1932); Citron, 783 F.2d at 312. The Supreme Court has held that "where truly inconsistent verdicts have been reached, '[t]he most that can be said ... is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.' " Powell, 469 U.S. at 64-65 (quoting Dunn, 284 U.S. at 393). Therefore, we hold that the district court's giving of a lesser-included offense instruction did not constitute reversible error. We have an additional, independent basis for our holding as well.
 
 
 16
 The district court in the instant case was of the view that there was a question of fact concerning tax deficiency which would make the lesser-included offense charge appropriate. Appellant's counsel did not object to this characterization of the evidence. The decision concerning the sufficiency of the evidence for a lesser-included offense instruction rests with the trial court and will not be disturbed absent an abuse of discretion. R. Cipes, 8A Moore's Federal Practice p 31.03 (1988); United States v. Busic, 592 F.2d 13, 25 (2d Cir.1978). The district court was of the opinion that the existence and/or substantiality of the alleged tax deficiency was in dispute and that the only reason for the government's summary charts was to prove substantial tax deficiency. We hold alternatively that it was not an abuse of discretion for the district court to conclude that the integrity, credibility, and competence of the agents was questioned to the end that a reasonable doubt would be created on the issue whether the government had proven beyond a reasonable doubt that there was a tax deficiency, taxable income in a substantially greater amount, and a substantial additional tax as the government was required to prove. Under these circumstances, an instruction on the lesser-included offense was entirely proper.
 
 B.
 
 17
 Appellants argue that certain jury instructions were improper and that the district court's refusal to give certain requested jury instructions constitutes reversible error. We reject this argument.
 
 
 18
 "[A] jury charge must be considered in its entirety and not on a sentence-by-sentence basis." United States v. Smith, 584 F.2d 759, 763 (6th Cir.1978), cert. denied, 441 U.S. 922 (1979). Furthermore, "[t]he district court has broad discretion in determining appropriate jury instructions, and the defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instructions." United States v. Townsend, 796 F.2d 158, 163 (6th Cir.1986).
 
 
 19
 In the instant case, the jury instructions, taken as a whole, adequately and correctly informed the jury of the essential elements of each charge. Furthermore, the jury instructions refused were substantially similar to instructions which were given. For example, the district court instructed that an act is done willfully if it is done voluntarily and intentionally and with the purpose of avoiding a known legal duty. The court further instructed that mere negligence is not sufficient to constitute willfulness under criminal law, and that a defendant is not willfully evading a tax if it is shown that he is merely careless in keeping his books, or if he made errors in judgment, or if he failed to hire a competent attorney. These instructions cover the substance of appellants' proffered gross negligence instruction. United States v. Duncan, Nos. 87-5896/97 (6th Cir. June 23, 1988) slip op. at 25-26, cited by appellant Lea is not to the contrary. With respect to negligence instructions, Duncan merely recites without comment that the district court had instructed the jury that "[c]onduct is not willful if it results from negligence, however great, inadvertance or mistake...." Id. This court did not approve the instruction given in Duncan, much less hold that any aspect of the instruction is required.
 
 C.
 
 20
 Appellant Spencer argues that the district court committed reversible error in limiting his cross-examination of agent Cade. We reject this argument.
 
 
 21
 Federal Rule of Evidence 611(b) provides that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Under Rule 611, the district court has considerable discretion, and the court's rulings will not be the basis for reversal of a criminal conviction unless the defendant's substantial rights are affected. United States v. Terry, 729 F.2d 1063, 1067 (6th Cir.1984).
 
 
 22
 In the instant case, the district court limited cross-examination to that which was brought up on direct examination which is obviously within its discretion. Appellant argues, however, that the purpose of the curtailed cross-examination was to challenge the credibility of the witness. This argument was not raised in the district court. In the interests of judicial economy and the finality of judgments, and mindful of our function as an appellate court, we decline to review this argument. See Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164-65 (6th Cir.1985).
 
 D.
 
 23
 Appellant Spencer argues that the district court erroneously overruled his objection to the admission of agent Kemp's summary charts. We reject this argument.
 
 
 24
 Federal Rule of Evidence 1006 provides in relevant part that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." This court has reviewed the admission of summary charts under an abuse of discretion standard. United States v. Collins, 596 F.2d 166, 169 (6th Cir.1979) (per curiam).
 
 
 25
 In the instant case, the district court admitted agent Kemp's summary charts, but gave a cautionary instruction regarding the charts' limited purpose. Particularly in light of this cautionary instruction, the district court did not abuse its discretion in admitting these charts.
 
 E.
 
 26
 Appellant Lea argues that the district court violated due process and committed reversible error in convicting him of violating section 7206(2), a felony, while Spencer was convicted of a misdemeanor. We reject this argument.
 
 
 27
 Section 7206(2) provides in relevant part as follows:
 
 
 28
 Any person who--
 
 
 29
 * * *
 
 
 30
 * * *
 
 
 31
 ...--Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document ...
 
 
 32
 * * *
 
 
 33
 * * *
 
 
 34
 shall be guilty of a felony....
 
 
 35
 26 U.S.C.A. Sec. 7206 (1967 & West Supp.1988).
 
 
 36
 In the instant case, Lea's conviction is entirely consistent with Spencer's conviction under section 7207 since that section applies to any person who willfully delivers or discloses any return known by him to be fraudulent or to be false as to any material matter. The statutory provision cited by appellant, 18 U.S.C. Sec. 2, is inapposite since section 7206(2) expressly applies to aiding and assisting. Therefore, appellant properly was not charged under section 2. Cf. United States v. Murph, 707 F.2d 895, 896 (6th Cir.) (per curiam) (appellant charged under 18 U.S.C. Secs. 2(b) and 287), cert. denied, 464 U.S. 844 (1983). Congress may choose, consistent with due process, to make section 7206(2) a felony while making section 7207 a misdemeanor.
 
 F.
 
 37
 Finally, Spencer argues that the district court committed reversible error in refusing to release him pending appeal. On November 5, 1987, the district court denied bail pending appeal on the basis that defendant's appeal did not present a substantial question of law or fact likely to result in reversal or an order for a new trial. On November 30, 1987, this court entered an order which affirmed the decision of the district court on this matter and ordered that the motion for release pending appeal be denied. This order constitutes the law of the case on this issue and will not be disturbed.
 
 
 38
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 [1]
 The record indicates that after speaking to Spencer specifically about the ramifications of giving such a charge his counsel requested that the lesser-included offense instruction be given. Thereafter, upon further legal research, Spencer's attorney advised the district court that the lesser-included offense could be included in its charge if there is a factual question concerning a tax deficiency. Spencer's attorney did not advise the court that he considered there to be no factual question concerning a tax deficiency