956 F.2d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Granis SPENCER and Ralph Napier, Defendants-Appellants.
 Nos. 91-5539, 91-5541.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1992.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Granis Spencer and Ralph Napier appeal their convictions on various drug-related charges. For the following reasons, we affirm.
 
 
 2
 On February 15, 1991, a jury convicted Charles Granis Spencer and Ralph Napier for various violations of federal drug trafficking and firearms statutes. On appeal, Spencer argues that (1) there was insufficient evidence to convict him, (2) the court should have given him a competency hearing, and (3) the district court improperly sentenced him. Napier argues that part of his conviction was duplicitous and that there was insufficient evidence to convict him for one of the crimes for which the grand jury charged him.
 
 
 3
 Spencer and Napier were arrested and charged for their part in a cocaine sale to undercover government agents. Count 1 of the indictment charged Spencer and Napier with conspiring and aiding and abetting each other in the distribution of marijuana, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Count 2 charged Spencer and Napier with possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count 3 charged Spencer and Napier with carrying and using a firearm during and related to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Count 4 charged Spencer with the unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).
 
 
 4
 A jury found Napier and Spencer guilty on each count. Spencer and Napier filed a motion for judgment of acquittal, which the district court denied. The district court sentenced Napier to two years and eight months imprisonment for Counts 1 and 2; five years imprisonment for Count 3; and three years of supervised release. The district court sentenced Spencer to two years and nine months imprisonment for Counts 1, 2, and 4; five years imprisonment for Count 3; and three years of supervised release.
 
 
 5
 On appeal, Spencer claims that the trial court should have granted his motion for acquittal on the first three counts because of an insufficiency of evidence. Spencer also claims the district court erred during his sentencing because it did not depart downward based on Spencer's diminished mental capacity. Spencer's final claim on appeal is that the district court erred by not granting him a mental competency hearing. Napier alleges that the first count of the indictment was duplicitous. Napier also alleges that there was insufficient evidence to convict him of carrying a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).
 
 A. Insufficient Evidence
 
 6
 1. Spencer.
 
 
 7
 Spencer argues the district court erred in denying his motion for judgment of acquittal, because he alleges there was insufficient evidence to convict him under Counts 1, 2, and 3. In the Sixth Circuit, the test for denial of a judgment of acquittal pursuant to Fed.R.Crim.P. 29 is the same as the test for insufficiency of evidence. United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989). With respect to appeals of motions for judgment of acquittal and claims of insufficient evidence, we review the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bourjaily, 781 F.2d 539, 544 (6th Cir.1986), aff'd, 483 U.S. 171 (1987) (citing Jackson v. Virginia, 443 U.S. 307, reh'g denied, 444 U.S. 890 (1979)). In order to convict under section 846, the government must prove that there was an agreement to violate the drug laws, and that each conspirator knew of the conspiracy, intended to join the conspiracy, and participated in the conspiracy. United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991).
 
 
 8
 Upon review of the record, we find that a rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed. At trial, Spencer testified that Napier paid him $50.00 to store two large bags of marijuana, which he kept concealed in a garbage dump for four to five days. Spencer testified that when Napier returned for the marijuana, Napier gave him an additional $50.00 and that the two men counted the bricks of marijuana in one of the bags. Spencer also testified that he brought a loaded revolver and rode with Napier to the place where they were eventually arrested. During the actual purchase, Spencer identified the amount of marijuana in each bag to an undercover agent.
 
 
 9
 Spencer argues that because he did not believe that material in the bags was marijuana, he was not involved in a conspiracy and therefore, the evidence against him was insufficient. Spencer testified that when Napier originally left the bags, Spencer sampled some of the material but did not become intoxicated and concluded that the material must not be marijuana. Despite Spencer's protestations to the contrary, when viewing all of the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found, beyond a reasonable doubt, that (1) Spencer knew that Napier wanted him to store illegal drugs in violation of drug laws; (2) Spencer intended to store the marijuana for Napier; (3) Spencer stored the marijuana and Napier paid him $50.00 for the service; (4) Spencer knew that he was accompanying Napier to an illegal drug sale and brought a loaded weapon to the sale for protection; and (5) Spencer carried and used the weapon in relation to the drug transaction. In view of these facts, the district court properly denied Spencer's motion for judgment of acquittal.
 
 2. Napier
 
 10
 Napier claims there was insufficient evidence to convict him for carrying a firearm during and in relation to a drug trafficking crime. In the present case there was testimony from Spencer concerning Napier's knowledge and involvement in the possession of the weapon. During direct testimony at his trial, Spencer said:
 
 
 11
 I picked my brother's gun up and raised--the trailer was old and the registers in it--you know, were loose, and I raised up the register and I said, 'I will ride over there with you,' and I was going to put the gun up under the register. [Napier] said, 'I would just stick that in your pocket, brother, we are not going to be but a minute. You can stay in the car, we will get something to eat.'
 
 
 12
 Napier knew that he and Spencer were proceeding to a drug transaction. Viewing all of the evidence in a light most favorable to the prosecution, we find that a trier of fact could find, beyond a reasonable doubt, that Napier had constructive possession of Spencer's weapon. See United States v. Acosta-Cazares, 878 F.2d 945, 951-952 (6th Cir.), cert. denied, 493 U.S. 899 (1989).
 
 
 13
 B. Downward Departure Based On Mitigating Circumstances
 
 
 14
 Spencer argues that in light of his diminished mental capacity resulting from a long history of drug and alcohol abuse, the district court should have departed downward in sentencing under section 5K2.0 of the Federal Sentencing Guidelines. Section 5K2.0 provides that a court may impose a sentence outside the established range if the court finds aggravating or mitigating circumstances exist that were not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The Guidelines specifically address alcohol and drug abuse in section 5K2.13, stating that if a defendant has committed a non-violent offense and is mentally incapacitated because of drugs or alcohol, a court may consider departing downwards. However, section 5K2.0 further provides that, in some circumstances, a court may depart from the established range even if the "aggravating or mitigating circumstances" are provided for in another section of the Guidelines, if the court finds that in light of the unusual circumstances, the specific guideline level is inadequate.
 
 
 15
 Spencer alleges that his long history of substance abuse was an aggravating circumstance requiring the court to depart downward. The Social Security Administration classified Spencer as totally disabled. Spencer has tried to commit suicide and has been employed only intermittently during the last decade. The Sixth Circuit has stated that "a sentence which is within the Guidelines and otherwise valid, ... is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence." United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). We review the district court's decision against downward departure under the abuse of discretion standard. Id. A review of the district court's statements during the sentencing hearing reveal that the court considered Spencer's difficult circumstances but decided against departing downward. The court stated that Spencer's use of a firearm during a drug transaction could not be considered "non-violent." Consequently, under section 5K2.13, the district court properly found that Spencer's alcohol and drug abuse could not be considered for departure reasons. Additionally, a court's decision concerning downward departure is not generally reviewable on appeal. United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). In Spencer's case, the district court did not abuse its discretion in failing to depart downward.
 
 C. Competency Hearing
 
 16
 Spencer alleges that the district court erred in not holding a competency hearing. Spencer claims that the court had knowledge of his prior history of mental illness and his statements made at the time of his arrest. Spencer argues that the court, possessing this information, should have ordered the hearing sua sponte. Courts are required to hold competency hearings sua sponte when there is
 
 
 17
 reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
 
 
 18
 18 U.S.C. § 4241 (1991). It is significant that Spencer's attorney did not request a hearing. See United States v. Clark, 617 U.S.F.2d 180, 186, n. 11 (9th Cir.1980) (attorney's failure to request competency hearing is evidence of defendant's competency). In addition, Spencer testified in his own behalf at trial. Spencer does not offer any evidence of how his testimony at trial was incompetent or the result of mental incapacity. A review of his testimony provides no "reasonable cause" nor does it give an indication of mental incapacity such that a competency hearing would have been mandated. See Figueroa-Vazquez v. United States, 718 F.2d 511, 512 (1st Cir.1983). We therefore find no error in the district court's failure to hold a competency hearing.
 
 D. Duplicitous Indictment
 
 19
 Napier alleges that the first count of the indictment was duplicitous because it charged the crime of attempt and the crime of conspiracy in the same count. Napier claims that the court erred by not dismissing the count or by not requiring the government to choose between the two crimes charged. See United States v. Starks, 515 F.2d 112, 116 (3d Cir.1975) ("Duplicity is the joining in a single count of two or more distinct and separate offenses."). Indictments that charge offenses conjunctively where the statute denounces the offense disjunctively, however, do not violate the prohibition against duplicity. See United States v. Murph, 707 F.2d 895, 896 (6th Cir.), cert. denied, 464 U.S. 844 (1983); United States v. Niederberger, 580 F.2d 63, 68 (3d Cir.), cert. denied, 439 U.S. 980 (1978) (where a statute denounces an offense disjunctively, the offense may be charged conjunctively in the indictment). Count 1 of the indictment charged that Napier "knowingly and intentionally did attempt and conspire to commit an offense ... in violation of Title 21, United States Code, Section 846...." Title 21 U.S.C. § 846 provides that:
 
 
 20
 any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
 
 
 21
 Id. (emphasis added). In light of Murph and Niederberger, we find that Count 1 of the indictment does not violate the prohibition against duplicitous indictments.
 
 
 22
 For the reasons stated above, we affirm the district court.