NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0611n.06

**FILED**
Nov 06, 2017
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MICHAEL SHANE WYATT, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE:** **BOGGS, BATCHELDER, and BUSH, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Forty-four-year-old Defendant-Appellant Michael Shane Wyatt asserts that the jury did not have sufficient evidence to convict him of attempted coercion and enticement of a minor and attempted sexual exploitation of a child because he did not believe that the individual to whom he directed sexually explicit messages was a minor. Consequently, he argues, he did not possess the subjective intent to commit those crimes. We disagree. We affirm.

In January 2016, the Tennessee Bureau of Investigation ("TBI") and the Department of Homeland Security found a Craigslist ad posted by Wyatt: "Clean attractive well hung in shape male seeks petite female who would like to be my submissive cum dump today." The post included a close-up photograph of an adult penis. On January 29, 2016, Todd Campbell, a special agent criminal investigator with the TBI, who was posing as a fourteen-year-old girl named "Lara," answered the post. His response explained that "Lara" was too young but

"wanted to say hey anyway."[1] Wyatt responded to Special Agent Campbell's message within several minutes, asking for pictures, sending six more nude and semi-nude photographs, and reiterating "[w]anna be my cum dump?" Special Agent Campbell replied, stating that "Lara" "might be a lil [sic] young," that "she" did not want to get anyone in trouble, and that "she" could not send pictures because "she" was "in school right now." Special Agent Campbell then told Wyatt, "I'm 14 . . . Is that ok?" Wyatt responded: "Would you want some of what you saw in the pics? . . . [T]he taboo has me wanting to do something I shouldn't and wouldn't normally do." Wyatt sent several follow-up messages later that day, asking how the two might meet "[s]afely," whether "Lara" could stay out all night or "pass for 19," and whether it would be "easier and safer" to meet after school.

Special Agent Campbell communicated with Wyatt over the next four days and arranged a meeting between Wyatt and "Lara" at a residence in Chattanooga, Tennessee. During those communications, Wyatt's messages descended to further levels of salaciousness. Despite being informed several more times that "Lara" was a minor, Wyatt continued to send sexually explicit messages, including descriptions of imagined sexual acts with "Lara" and requests for "private" pictures and pictures of "Lara's" unclothed or nearly unclothed backside. On February 2, 2016, Wyatt arrived at the agreed upon residence; in his car were three individually wrapped condoms and salt-and-vinegar potato chips that "Lara" had requested he bring. Instead of finding a fourteen-year-old girl awaiting him, Wyatt found a group of police officers to whom he provided a voluntary statement, explaining that he did not believe "Lara" was real and that he only visited the Chattanooga residence to find out who "Lara" was.

---

[1] The parties stipulated before trial that Wyatt communicated with Special Agent Campbell via email, using an anonymized email address provided by Craigslist, and text messages sent from Wyatt's personal cell phone.

Wyatt was indicted in the United States District Court for the Eastern District of Tennessee on two counts: (1) coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b),[2] and (2) attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e). At trial, Wyatt argued that he did not believe that "Lara" was a minor, but instead that she may have been law enforcement, a friend playing a joke, someone engaged in fantasy role-playing, an internet troll, or one of Wyatt's adult-oriented-website clients.[3] Based on this argument, Wyatt's counsel moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The district court denied the Rule 29 motion, and a jury convicted Wyatt of both counts. Wyatt was sentenced to the statutory minimum sentence of 180 months' imprisonment. He timely appealed the denial of his Rule 29 motion.

"We review de novo the district court's judgment denying [a] motion for acquittal." *United States v. Lowe*, 795 F.3d 519, 522 (6th Cir. 2015) (citing *United States v. Blanchard*, 618 F.3d 562, 574 (6th Cir. 2010)). "When a defendant appeals on the basis that the evidence was insufficient to support a guilty verdict, our role is to ask 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Washington*, 715 F.3d 975, 979 (6th Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "We do not insert our own findings of fact; rather we give full credit to the responsibility of the jury to weigh the evidence, to make credibility determinations, and to draw inferences." *Id.*

---

[2] We note that the government charged Wyatt with "coercion *and* enticement," but § 2422(b) prohibits the knowing persuasion, inducement, enticement *or* coercion of a child. While the government's decision to charge Wyatt in the conjunctive is imprecise, "[t]he government may charge in the conjunctive and prove in the disjunctive." *United States v. Stevenson*, 659 F. App'x 221, 222 n.3 (6th Cir. 2016) (citing *United States v. Pirosko*, 787 F.3d 358, 368 (6th Cir.), *cert. denied*, 136 S. Ct. 518 (2015)). As explained below, the evidence is sufficient for a reasonable juror to convict Wyatt under the disjunctive terms of § 2422(b).

[3] Wyatt has worked as a part-time, adult-oriented-website promoter and recruiter since 1998.

"Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Lowe*, 795 F.3d at 522–23 (citations omitted).

To demonstrate that a defendant coerced and enticed a minor, in violation of 18 U.S.C. § 2422(b), the government must prove that (1) the defendant used a means of interstate commerce to knowingly persuade, induce, entice, or coerce someone under eighteen to engage in sexual activity or attempted to do so; (2) "the defendant believed the person was under the age of 18"; and (3) "if sexual activity had occurred, the defendant could have been charged with a criminal offense under state law."[4] *United States v. Roman*, 795 F.3d 511, 515–16 (6th Cir. 2015) (footnote omitted) (citing *United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011)). To demonstrate that a defendant sexually exploited a child, in violation of 18 U.S.C. § 2251(a), the government must prove that a defendant "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d] any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." A "'minor' means any person under the age of eighteen years." 18 U.S.C. § 2256(1). Both statutes proscribe attempted violations. *See* 18 U.S.C. § 2422(b) ("Whoever . . . knowingly persuades, induces, entices, or coerces . . . or attempts to do so . . . ."); 18 U.S.C. § 2251(e) ("Any individual who violates, or attempts or conspires to violate[] this section . . . ."). To establish criminal attempt, the government must prove that the defendant intended to commit the alleged criminal act and that he took a

---

[4] Wyatt conceded before trial that had he "engaged in sexual activity with a person under the age of 18 in the state of Tennessee, that activity would have been unlawful sexual activity for which [he] could have been charged with a criminal offense." He also stipulated that "the Internet, [his] computer, and [his] cell phone used . . . to transmit the messages . . . were and are means or facilities of interstate and foreign commerce." Therefore, we need only determine whether the evidence was sufficient for a reasonable juror to find that Wyatt believed "Lara" was less than eighteen years of age.

substantial step towards committing the crime, beyond mere preparation. *See Roman*, 795 F.3d at 517; *United States v. Evans*, 699 F.3d 858, 867 (6th Cir. 2012).

Wyatt argues that the district court erred by denying his Rule 29 motion because the evidence presented at trial was insufficient for any reasonable juror to find that he had the subjective intent to engage in sexual activity with a minor or to obtain sexually explicit photographs of a minor.[5] The district court did not err by holding that a reasonable juror could find that Wyatt possessed the subjective intent to commit the two offenses. A reasonable juror could find that Wyatt believed "Lara" was a minor because his communications to "Lara" demonstrate that he understood that she was a juvenile and that he recognized the illegality of the situation. For example, after repeatedly asking for "private" or unclothed pictures, he told "Lara" that he could not show her pictures to anyone because he would get in trouble and that he was "scared to say much"; that he wished he were sixteen so he "could be seen" with her; and, after offering her drugs, that he would "go to prison till [sic] [he] died" if he were caught with her. Wyatt even appears to have reveled in the situation: "I feel like a dirty old man but I wanna [sic] make you my dirty little secret."

Moreover, in *United States v. Harmon*, 593 F. App'x 455, 465 (6th Cir. 2014) (unpublished), we rejected a defendant's argument that he did not believe that the individual whom he attempted to persuade to engage in sexual activity was a minor. We stated that:

---

[5] Wyatt also briefly argues, in the alternative, that the government engaged in entrapment. Wyatt has waived this argument. First, Wyatt's opening brief addresses entrapment only in summary fashion. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016) (alteration in original) (quoting *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)). Second, even if Wyatt had sufficiently articulated an entrapment argument on appeal, he failed to raise entrapment in his Rule 29 motion from which he appeals. "Specificity in a Rule 29 motion is not required"; however, "[w]hen a defendant makes a motion on specific grounds . . . , all grounds not specified in the motion are waived." *United States v. Montgomery*, 379 F. App'x 527, 530 (6th Cir. 2010) (quoting *United States v. Wesley*, 417 F.3d 612, 617 (6th Cir. 2005)); *see United States v. Dandy*, 998 F.2d 1344, 1356–57 (6th Cir. 1993).

> To the extent that [the defendant] argues that he did not believe that the individual in question was actually a minor because his original internet ad was aimed at women in the age range of 18 to 24 years, [his] argument is without merit. The evidence presented by the Government includes Agent Spadafora's repeatedly mentioning the age of his fictitious daughter, and [the defendant's] repeatedly confirming interest in meeting her for a sexual encounter. . . . [The defendant's] acknowledged awareness of the illegal nature of sexual encounters with minors also indicates that [he] was aware that [the "daughter"] was a minor. [The defendant's] suggestions to Agent Spadafora for disguising his intent to engage in sexual encounters with minors, and [the defendant's] concerns about being caught in an illegal enterprise, provide further support for this finding.

*Id.* Similarly, in our case a reasonable juror could find that Wyatt believed "Lara" was a minor because, after being repeatedly informed of "Lara's" age, Wyatt sent sexually explicit messages to "Lara," instigated further conversation, sought "private" or unclothed pictures of "Lara," inquired about "Lara's" sexual preferences and how and when they might "safely" meet, and expressed concern about getting caught. *See also United States v. Lebowitz*, 676 F.3d 1000, 1013–14 (11th Cir. 2012) (finding sufficient evidence that defendant believed K.S. was fifteen years old because internet chats demonstrated that defendant was aware of K.S.'s age and "continued to entice" him). The district court, therefore, did not err by denying Wyatt's Rule 29 motion because a reasonable juror could find that Wyatt believed that "Lara" was a minor and that Wyatt committed each element of the offenses charged.

We AFFIRM.